[PHILADELPHIA, MARCH 30TH, 1839.]

## QUINN and Others *against* CROWELL.

### IN ERROR.

1. The improper admission or rejection of evidence not in chief, is not a subject of error.

2. The defendant called a witness, to whom the plaintiff objected, on the ground of an alleged want of religious belief, and the judge admitted the testimony of witnesses in support of and in opposition to the objection, and afterwards the person objected to was examined on his *voir dire*, and having testified to his belief, was admitted to give evidence in chief. *Held* that there was no error in this.

3. A son of the plaintiff had testified in support of an objection to the competency of a witness produced by the defendant, but had not testified to any other matter. The witness for the defendant was admitted notwithstanding the objection. *Held*, that upon these circumstances, declarations of the plaintiff respecting the general character of his son for veracity were not admissible on the part of the defendant.

4. In an action for maliciously indicting the plaintiff for a larceny in the Mayor's Court of Philadelphia, a witness for the defendant testified that the jury delibe-rated for some time, and that a majority of them were at first in favour of convicting the plaintiff. *Held*, 1. That the witness could not be asked on what ground the majority were in favour of convicting, nor what was the charge of the Court, nor whether if he had seen the premises in which the larceny was said to have been committed, at the time of the trial, it would have made any difference in his verdict. *Held*, 2. That the plaintiff might give in evidence the record of the Mayor's Court of his indictment and acquittal for the alleged larceny of certain other goods, owned by a different prosecutor, who had sworn, however, on the trial of this action to the simultaneous larceny of the defendant's goods and his own, and that he had instituted a prosecution for it.

ERROR to the District Court for the City and County of Phila-delphia, to remove the record of an action on the case brought by Smith Crowell against William Quinn, Charles Quinn, and William Quinn, Jr. for a malicious prosecution.

(Quinn v. Crowell.)

On the trial in the Court below, before JONES, J. it appeared that the plaintiff had been in the employment of William Quinn, Sen., who kept a large clothing store, and had been indicted in the Mayor's Court for the larceny of a sum of money.

After the plaintiff had gone through his case, the defendants called one David Hazzard, and proposed to examine him, as a witness in their behalf. The plaintiff objected to his being examined, on account of an alleged want of proper religious belief to entitle him to be admitted as a witness, and offered testimony to prove it. The defendant objected to the testimony being given until after the witness had been examined on his *voir dire*, and until after the defendant had closed his case. The judge admitted the testimony on the part of the plaintiff, and the defendant excepted to it.

Evidence was then given on the part of the plaintiff, of declarations of Hazzard, to prove his want of religious belief. On the other side, witnesses were produced, who testified to recent declarations of belief; and Hazzard himself, on being called, swore to his belief in the existence of a deity and a future state of rewards and punishments. He was then permitted to testify in chief.

The defendants then proposed to ask the witness what declarations he had heard the plaintiff make respecting the general character for veracity, of his son Thomas E. Crowell, who had been examined on the part of the plaintiff.

The plaintiff objected to this question, and the Court overruled it : whereupon the defendant excepted to its rejection.

The defendants afterwards called one Lewis Deboyear, who being sworn, stated, that he was one of the jurors on the trial of Smith Crowell, in the Mayor's Court; that after hearing the testimony, and the charge of the Court, the jury retired to deliberate upon their verdict, and were out from twenty to thirty minutes ; he thought there were at first about eight to four in favour of convicting Crowell.

The defendants then proposed to ask the witness on what grounds a majority of the jury were in favour of convicting : which was objected to by the plaintiff, and overruled by the Court ; and the defendants excepted to its rejection.

The defendants then proposed to ask the witness what was the charge of the Mayor's Court :—which was objected to by the plaintiff, and overruled by the Court; whereupon the defendants again excepted.

The witness then proceeded to state, that the jury did not examine the closet where it was stated Charles Quinn had been concealed, and had seen Crowell take money in question ; and that he had seen it since the trial in the Mayor's Court.

(Quinn v. Crowell.)

The defendants then proposed to ask the witness the following question: "If you had seen the closet yourself would it have made any difference in your verdict?"; which was objected to by the plaintiff and overruled by the Court; whereupon the defendants again excepted.

After the defendants had closed their case, the plaintiff offered in evidence the record of the Mayor's Court in the case of *The Commonwealth* v. *Crowell*, charging him with larceny of a certain pocket book and promissory notes, &c., being a different charge from the one set out in the plaintiff's declaration in this case, and which was preferred by and on the oath of Charles Quinn, one of the defendants, alone. The defendants objected to the admission of this evidence, but the Court overruled the objection, and admitted it; whereupon the defendants again excepted.

The plaintiff further gave in evidence, the testimony of William Quinn, Sen., of William Quinn, Jr., and of Charles B. Quinn, as given on the trial of the indictment in the Mayor's Court.

The jury found for the plaintiff, and the defendants took a writ of error: and on the return of the record, filed the following specifications:

"1. The judge erred in permitting testimony to be given to show an alleged want of a proper religious belief in David Hazzard, before he had been sworn and examined, and before the defendants below had closed their case.

2. The judge erred in rejecting evidence of declarations made by the plaintiff below, respecting the general character of Thomas E. Crowell for veracity, who had been examined as a witness on his part.

3. The judge erred in rejecting evidence to show on what grounds a majority of the jury were in favour of convicting Crowell on the trial in the Mayor's Court, on the charge laid in the declaration.

4. The judge erred in rejecting evidence to show what was the charge of the Mayor's Court on the trial there.

5. The judge erred in refusing to permit one of the jurors who sat on the trial in the Mayor's Court, to testify, that if he had seen the closet in question where the witness was concealed who saw Crowell take the money, it would have made a difference in his verdict.

6. The judge erred in permitting the plaintiff to give in evidence, as rebutting testimony, the record of the Mayor's Court in the case of *The Commonwealth* v. *Smith Crowell*, charging him with another larceny, on another charge, and preferred by Charles Quinn, one of the defendants only."

(Quinn v. Crowell.)

Mr. *Isaac Norris*, for the plaintiffs in error, cited *Smith* v. *M'Donnell*, (3 *Esp. Rep.* 7.) *Trelawney* v. *Colman*, (2 *Starkie N. P. Rep.* 191 ; S. C. 3 *Eng. Com. Law Rep.* 308.)

Mr. *Hazlehurst* and Mr. *D. P. Brown*, contra, cited 1 *Starkie's Ev.* 182. *Chess* v. *Chess*, (1 *Penn. Rep.* 40.) *Cotton* v. *Huidekopper*, (1 *Penn. Rep.* 149.)

The opinion of the Court was delivered by

Gibson, C. J.—There is no precedent for a bill of exceptions in the case of introductory evidence to the court, where the evidence in chief was properly admitted or excluded; and in *Brown* v. *Downing*, (4 *Serg. & Rawle*, 494,) it was ruled that it does not lie. A formal bill of exceptions to evidence admitted, asserts that it was given to the jury, *Allen* v. *Rostain*, (11 *Serg. & Rawle*, 374;) whence it is inferable that the improper admission or rejection of evidence not in chief, is not a subject of error. The question regards not the regularity of the process, but the soundness of the conclusion. What boots it then that, even were the proper course otherwise, parol evidence of the witness's disqualification was heard before he himself was heard. The order of proof, even to a jury, is not the subject of error ; and to examine him to his own competency, would have assumed the fact in controversy, which, it was determined in *Griffith* v. *Reford* (1 *Rawle*, 197) cannot be done. But it is conclusive that the witness was actually admitted; and the propriety of the process by which his competency was tested, cannot be questioned by the party who called him. He had the benefit of his testimony unimpaired by the introductory examination, which is all he had a right to ask.

The plaintiff's admission in respect to the character of a witness called by him in support of his objection to the witness already mentioned, was properly rejected. The fact of general character may doubtless be proved by a party's confession ; but the objection to the competency of the witness had been disposed of by his reception in chief; and as the impugning witness had not testified to any fact before the jury, the quality of his reputation for veracity had ceased to be a matter of relevancy in the cause.

The evidence offered with a view to show the recorder's charge on the trial of the indictment; the actual grounds on which the jury proceeded ; and that one of the jurors would have been led to a different conclusion by a view of the premises where the larceny was said to have been committed—and all this to take from the effect of the acquittal—was properly excluded. The object was to detract from the effect of a record by parol evidence of individual opinion, which is incompetent for any purpose, except on special grounds, and in a very few cases. Mere acquittal is not proof of

malice and probable cause—it is a circumstance which opens a way for it—and it certainly cannot be deprived of its legitimate effect, by opinions previously abandoned, or subsequently entertained. It was open to the defendant to show probable cause by proof of facts, but not by the opinion of individuals.

Finally, the record of the defendant's acquittal on the indictment for the larceny of other property alleged to have been involved in the same act, but owned by a different prosecutor, was properly received. That prosecutor had, in the trial of the present action, sworn to the simultaneous larcenies of the defendant's goods and his own; for which, as he testified, he also had instituted a prosecution; and surely it was competent to the plaintiff to show what had become of it. The question of his guilt or innocence on that occasion, was inseparably connected with the question of probable cause in this; at all events, the evidence, if unresisted, might have affected the quantum of the damages. The character of a plaintiff in an action for a malicious prosecution, is not in issue, and it is consequently unassailable by proof of reputation or particular instances of misconduct. Here evidence of a particular offence had unavoidably crept in, as inseparable from the attempted proof of probable cause, and there was therefore the greater reason that it should be open to explanation.

Judgment affirmed.