# Erwin *against* Leibert.

On the plea of payment to let in a set-off, or of payment with leave to introduce an equitable defence, there must be notice of particulars under the rules of court.

Such notice is requisite whenever anything but direct payment is meant to be proved.

The deposite of notice in the prothonotary's office is not a compliance with a rule requiring it to be given to the party; nor a reference in the plea of payment with leave, to the affidavit of defence filed.

ERROR to the District Court for the city and county of *Philadelphia*, in which a suit was brought by George L. Leibert against William Erwin, on a promissory note for $100 at six months, dated April 15th, 1839, drawn by the defendant to George Coltman or order, and endorsed by George Coltman and William Coltman. The defendant filed the following affidavit of defence:

"William Erwin, the defendant, on oath, says that he has a

[Erwin v. Leibert.]

just and legal defence to the whole of the plaintiff's demand in the above action, the nature and particulars of which are as follows: 1. The note, a copy of which is filed in this case, was transferred by the drawee, George Coltman, to the plaintiff after the same fell due. The plaintiff, therefore, has no legal right to bring suit thereon in his own name. 2. At the time *said note* fell due, said Coltman was indebted to defendant in the sum of $195.53¼, being the balance upon an account stated between said Coltman and defendant, exclusive of said note, a copy of which is hereto attached; so that said Coltman owed defendant, at the time said note fell due, $95.53¼ over and above all credits, and liable and subject to all which plaintiff took said note from said Coltman. 3. The defendant firmly believes and expects that he will be able to prove, upon the trial of this case, that said Coltman placed said note in the hands of plaintiff for no purpose but to sue out the same, and that no consideration whatever has been paid to said Coltman therefor."

The narr. was in the common form of endorsee against drawer. The defendant pleaded "*Non assumpsit* and payment with leave, &c., and with notice of the special matter contained in the defendant's affidavit of defence."

After the plaintiff had given the note in evidence, the defendant offered to prove by William Coltman the matters alleged in the first point of his affidavit of defence, to be followed by proof of all the matters alleged in the affidavit; but the judge overruled this offer on the ground that the defendant's alleged notice of special matter under his pleas was not such notice as was required by the rules of court; and the defendant excepted. A verdict was rendered for the plaintiff for the amount of the note, with interest. The defendant took out a writ of error, and assigned for error the refusal of the Judge to permit the defendant to prove the matters set forth in his affidavit of defence.

*F. E. Brewster*, for plaintiff in error.
*J. A. Phillips*, contra.

The opinion of the Court was delivered by

GIBSON, C. J.—A rule for notice of special matter under a general issue plea, conduces to fairness, and ought to be rigidly enforced; for if equivalents for compliance with it were to be accepted, it would gradually cease to be a rule at all. It would scarce be thought that a deposit of a formal notice in the prothonotary's office would be a compliance with a rule which requires it to be given to the party; yet the case before us is not even as strong, for it contains nothing from which the nature of the defence could be learned, but an informal suggestion in the plea by reference to the affidavit of defence, which the plaintiff may have overlooked or forgotten; and if that were notice, what would there be

[Erwin v. Leibert.]

to prevent actual knowledge of the facts from being so too ?    The consequence would be, nice distinctions, difficulties and perplexities, in place of the plain and practicable course prescribed in the rule.    Service, in its ordinary acceptation, has regard to the person, where something else is not specified; indeed, the word implies it.

It is said, however, that whatever be the measure of compliance with the rule in a case to which it is distinctly applicable, yet that the defence of set-off is not within it, inasmuch as it may be given in evidence under the plea of payment which is special, and which is not required by the statute to be attended with notice.    But payment, as it was pleaded here, with leave to give the special matter in evidence, is a very general and indefinite plea adapted in our practice to grounds of equitable defence in an action founded on a specialty, but sometimes, as in this instance, inaccurately pleaded to let in a set-off which is a legal defence to an action on a simple contract, and which belongs to the plea of payment proper.    As an equitable plea, the former would clearly be within the reason of the rule; nor is the latter less distinctly so as a legal one, for the plaintiff would be as much in the dark as to the infinite particulars of an intended defalcation, as he would be in regard to those matters which might be urged before a chancellor on a bill for an injunction.    In an action of assumpsit, to which there is no such thing as an equitable defence, the plea, having no other office than to make way for evidence of set-off or direct payment, is the same in substance, whatever the form; and whenever anything but direct payment is meant to be proved, it ought to be followed by notice of particulars.    Why should notice of set-off be excluded from the rule by restraining it to the very letter, when its operation is found to be so very favourable to fairness in practice?    Every court is the proper tribunal to judge of the meaning of its own rules; and we should be guided by a narrow interpretation did we overturn the decision of the Judge who tried the cause, sanctioned as it is by the concurrence of his brethren, and by principles of policy.

Judgment affirmed.