# Smaltz *versus* Ryan.

1. In a *scire facias sur* mechanics' lien, the record showed only the plea of payment. Upon the letter of the rule of court the defendant was entitled to begin and conclude; but as the parties tried the cause upon its merits, and the evidence was offered and admitted without regard to the form of the plea, the court rightly observed the spirit of its rule of practice, in denying the defendant's request that he be permitted to begin and conclude the summing up to the jury.

2. Under the plea of payment to a *scire facias sur* mechanics' lien, with proper notice, any equity which tends to defeat the plaintiff's action may be given in evidence; but without notice, the plea has no more than its common law effect. If it be treated by the defendant as accompanied with notice, and by his defence he puts the plaintiff to proof of performance, in order to establish his right to the contract price, he is not entitled to begin and conclude.

March 23d, 1886. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas, No. 4, of *Philadelphia county :* Of July Term, 1885, No. 129.

In this case a lien was filed against ten houses for digging cellars, and the defendant entered security under the Act of Assembly, and had the lien removed.

After the security was entered, for the purpose of saving costs in suing out ten writs of *sci. fa.*, the following agreement was signed by the counsel:—

" It is hereby agreed by and between plaintiff and defendant, that defendant shall file a plea of ' payment' in this case, in which a bond has been entered, and the case shall be tried on that plea, with the same effect as to determining whether any and what amount is due and unpaid, as if a *sci. fa.* had been issued on each of the ten houses originally covered by said lien, and been duly served."

The cause came on to be tried before WILLSON, J., April 22d, 1885. After jury sworn, defendant's counsel claimed the right to commence and conclude, and the judge allowed said counsel *to first adduce evidence on the part of the defendant*, reserving the question as to right to commence and conclude in summing up. Thereupon, evidence was produced on the part of the defendant, tending to prove that the plaintiff had wantonly and maliciously delayed the work, subject matter of the claim, whereby defendant suffered loss to an extent sufficient, with cash payments made and proved in the cause, to cover the whole amount of the claim.

Plaintiff's counsel thereupon produced evidence tending to prove that the work, subject matter of the claim, had been diligently proceeded with, without any unnecessary delay.

The evidence being closed, defendant's counsel claimed the right to open and conclude the summing up to the jury, but the judge ruled, that plaintiff's counsel should open and conclude, to which ruling defendant's counsel excepted; and that is the only error alleged.

Verdict for the plaintiff for $1,043.03, and judgment thereon, whereupon the defendant took this writ, filing the following assignments of error :—

1. The court, after having allowed defendant to first adduce his evidence, and after evidence had been received on either side, erred in ruling that defendant's counsel should not open or conclude the summing up to the jury.

2. In permitting plaintiff's counsel to open and conclude the summing up to the jury.

*J. Cooke Longstreth*, for plaintiff in error :—The rule of court below applicable to this subject is Rule XL, § 158, p. 63, of the rules of the courts of Common Pleas of Philadelphia county :—

"After the evidence in a cause on trial is closed, neither party shall be entitled to address the jury by more than one counsel. If evidence has been received on behalf of each party, the counsel having the right on the pleadings to begin, shall sum up, stating explicitly the grounds upon which he intends to rely, and citing such authorities as he may deem pertinent. One of the counsel of the opposite party may then address the jury as fully as the nature of the defence may require. Afterwards the counsel who commenced the summing up may conclude, restricting himself to enforcing the grounds previously taken by him, and combatting the views of the opposite counsel. When the party not entitled to begin shall produce no testimony, the counsel of the other party shall be confined to his address in summing up, and shall not be heard in reply."

In this case, unless the trial judge had the power to abrogate the rule of court, defendant's counsel, the only plea being payment, was entitled to sum up, and after plaintiff's counsel had replied, to conclude to the jury. It was the legal right of the party having the affirmative of the issue, and although in the absence of a rule of court the party might have been concluded by the decision of the court below, as appears to have been decided in Smith *v.* Frazier, 53 P. S. R., 226 (the soundness of which decision is not admitted), the only question in this case is, had the trial judge, *pro hac vice*, the power to abrogate the positive rule of court. Without cumbering this argument by numerous citations, it is submitted that, as was said by Judge BURNSIDE in Alexander *v.*

[Smaltz v. Ryan.]

Alexander, 5 P. S. R., 279: "There would be no safety if courts were permitted to depart from their plain written express rules." The case of Brennan's Estate, 65 P. S. R., 16, declared that although generally a court are the best exponents of their own rules, it would often work the greatest injustice if they were allowed plainly to disregard or violate them, and decided that when a court does plainly disregard its own rule the Supreme Court will reverse.

*John Dolman,* for defendant in error.—This was an agreement between counsel to try the merits of the case under that plea, and was not a trial under the technical plea of "payment."

The whole controversy, as appears by the bill of exceptions, was whether plaintiff had done his work properly, or whether he had wantonly delayed the work to the prejudice of defendant.

The learned judge of the court below, not knowing what the evidence was to be, and the plea being "payment," allowed defendant to open the case, but, when the evidence was in, properly decided that defendant's defence was a negative, to wit, that plaintiff had not fulfilled his contract, and therefore he gave to plaintiff's attorney the beginning and conclusion.

It is not ground of error that the court below allowed counsel to speak in the wrong order: Hartman *v.* Insurance Co., 21 Pa. St., 466.

Mr. Justice TRUNKEY delivered the opinion of the court, April 5th, 1886.

The parties agreed that the defendant should file a plea of payment, and that the case should be tried on that plea with the same effect as to determining whether any and what amount is due and unpaid, as though *scire facias* had been issued.

At the trial the defendant claimed the right to begin and conclude, and was allowed to first adduce his evidence, the court reserving the question as to the right to begin and conclude in summing up. The defendant's testimony tended to prove that the plaintiff had wantonly and maliciously delayed the work to the damage of the defendant; and the plaintiff's testimony tended to prove that said work had been diligently done, and without unnecessary delay. And thereupon the court refused the defendant's request that he be permitted to begin and conclude the summing up to the jury.

The foregoing is the case presented in the bill of exceptions. It is obvious that the parties were prepared to contest

and did contest a matter which the defendant could not have introduced without a plea having the effect of a general issue plea. Doubtless, the learned judge of the Common Pleas understood the parties intended to try the cause on its merits when he reserved the question as to the right to begin and conclude until he should ascertain whether the burden rested on the plaintiff to prove performance of his contract.

Under his plea the defendant might have been confined to proof of matters tending to show actual payment; the giving and accepting of money or other thing in discharge of the debt: Hobson *v.* Croft, 9 Pa. St., 363; Erwin *v.* Leibert, 5 W. & S., 103. The plea of payment, with leave and notice, is either a special defence or a general defence, as the notice makes it one or the other. Where it is a general defence, or a defence that the plaintiff did not perform his contract, it admits the execution of the instrument, or the making of the bargain on which the suit is founded, and nothing more. Under the plea of payment, with proper notice, any equity which tends to defeat the plaintiff's action may be given in evidence, but without notice the plea has no more than its common law effect: Roop *v.* Brubacker, 1 Rawle, 304; Covely *v.* Fox, 11 Pa. St., 171. The nature of the plea of payment in Pennsylvania is shown in the cases cited.

The real contest was about a matter only admissible by treating the plea as accompanied with notice. That matter was in no sense a payment on the price of the work; it struck at the foundation of the action, and put the plaintiff to proof of performance in order to establish his right to recover the contract price. The record shows only the plea of payment, and upon the letter of the rule of court, the defendant was entitled to begin and conclude. Upon terms that all the testimony inadmissible under the plea be stricken out and excluded from consideration of the jury, the court could justly have granted the defendant's request. But as the parties tried the case upon its merits, and the evidence was offered and admitted without regard to the form of the plea, the court rightly observed the spirit of its rule of practice.

Judgment affirmed.