# ESTHER KUTZ, EXRX. *v.* SIMON DREIBELBIS.

ERROR TO THE COURT OF COMMON PLEAS OF BERKS COUNTY.

Argued March 5, 1889—Decided May 13, 1889.

1. Upon a dissolution of a partnership by the death of one of its members, the right to recover the partnership assets belongs to the surviving partner and not to the administrator of the deceased partner.
2. And, for firm moneys or assets received by a partner in his lifetime, the ordinary rule is that his copartner cannot maintain assumpsit therefor, but must resort to a bill for an account, or to an action of account render.
3. But to this rule there is an exception, and where the partnership was in a single and completed transaction, one partner may maintain an action of assumpsit against the other.
4. Yet, where the estate of a deceased partner is lawfully possessed of a

fund which is the sole asset of the partnership, and, no debts outstanding, nothing remains to be done but to state an account, the fund as a whole may not be recovered by the surviving partner, in such action.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 149 July Term 1888, Sup. Ct.; court below, No. 127 August Term 1881, C. P.

On July 29, 1881, Simon Dreibelbis as the surviving partner of Charles Kutz and Simon Dreibelbis, trading under the firm name of Kutz & Dreibelbis, brought assumpsit against Esther Kutz, executrix of Charles Kutz, deceased, to recover a sum of money in the hands of said executrix claimed to be of the assets of said firm. The declaration was filed on November 29, 1886, and the cause put at issue under the general plea.

At the trial on May 31, 1888, the facts of the plaintiff's case were these:

On May 11, 1872, Charles Kutz, entered into a sealed contract with the county commissioners of Lebanon county, wherein he agreed to remove the old bridge at Jonestown and re-erect it at Bohr's Ford, across the Swatara, for the sum of $3,300. After the completion of his work, the commissioners being dissatisfied with the bridge, refused to pay the unpaid balance of the contract price, and he thereupon brought suit against the county of Lebanon to No. 126 November Term 1873, Common Pleas of Lebanon County. Mr. Kutz died July 30, 1876. On October 14, 1878, his death was suggested on the record of said suit, and Esther Kutz, his executrix, the defendant in this suit, was substituted as plaintiff. On the same day, a jury having been called in the case, a verdict was rendered in favor of plaintiff for $1,200. Of this sum Esther Kutz paid her attorney in the case $100, and retained $1,100.

These facts were not disputed in the present suit, but the plaintiff introduced testimony to the effect that Kutz had made the contract with the county commissioners of Lebanon county on behalf of himself, Kutz, and of the plaintiff, trading as Kutz and Dreibelbis. This testimony was chiefly as to declarations and admissions made by the deceased. It was not alleged that the parties were partners in any other transaction.

The defendant denied that there was a partnership existing

in the contract with the county commissioners, and introduced testimony to sustain her contention, consisting chiefly, also, of declarations and admissions of the plaintiff.

The court, HAGENMAN, P. J., charged the jury:

There is no dispute as to the sum. The settlement was for $1,200; $100 was paid to the attorney who drew the $1,200 from the county of Lebanon, and $1,100 was paid to Mr. Steckel, who in his testimony says he paid it to Mrs. Kutz. There is, therefore, no dispute as to the amount.

[The important inquiry then arises were these partnership funds. If Dreibelbis was a partner, then this sum is partnership assets, and the surviving partner would be entitled to it in the settlement of the partnership affairs.] [6]

The court then reviewed the testimony and submitted to the jury to find from the evidence whether the plaintiff and the deceased were partners in the contract or not, and proceeded :

If they were, then the plaintiff is entitled to a verdict for the amount of money which Mrs. Kutz received, to wit, $1,100. If the jury find they were not partners, the verdict will be for the defendant.

I have already answered the defendant's points in the general charge, but I will do so specifically :

1. There is no sufficient proof of a partnership between Charles Kutz and Simon Dreibelbis in this case, and the plaintiff is not entitled to recover, and the verdict should be for the defendant.

Answer : The court decline so to instruct you.[8]

2. This action cannot be sustained against the defendant, and the verdict should be in her favor.

Answer : This point has been answered in the general charge.[7]

The jury returned a verdict for the plaintiff for $1,100, and judgment was entered thereon. Thereupon the defendant took this writ, assigning as errors, inter alia :

6. The parts of the charge embraced in [ ] [6]

7, 8. The answers to the defendant's points.[7] [8]

*Mr. H. Willis Bland* (with him *Mr. James H. Marx*), for the plaintiff in error.

*Mr. D. E. Schroeder*, for the defendant in error.

OPINION, MR. JUSTICE MCCOLLUM:

On May 11, 1872, Charles Kutz entered into a written contract under seal, with the commissioners of Lebanon county, by which he agreed to remove the old bridge across Swatara creek, at Jonestown, in that county, and to place it over the same creek, at Bohr's Ford, upon abutments and piers furnished by the county commissioners, and to have it finished and ready for use September 1, 1872. For this work he was to receive $3,350; one third of it, when one span of the bridge was erected and approved by the commissioners, and the balance when the bridge was approved by the viewers and court, and accepted by the commissioners. After the bridge was completed the commissioners, being dissatisfied with the work, refused to pay the balance of the contract price and he brought suit for it. He died July 30, 1876, and October 14, 1878, his death was suggested on the record of the suit, and Esther Kutz, his executrix, was substituted as plaintiff, when a jury was called in the case and a verdict was rendered for the plaintiff for $1,200. This verdict was the product of a compromise. From it the attorney who conducted the suit was paid $100 for his services, and the balance Mrs. Kutz received and retained as assets of the estate of her deceased husband.

On July 29, 1881, Simon Dreibelbis brought an action of assumpsit against her as executrix of Charles Kutz, deceased, in which he claimed to be the surviving partner of the firm of Charles Kutz and Simon Dreibelbis, trading as Kutz & Dreibelbis, and entitled to the $1,100 she had received as above stated, as partnership assets. The partnership was denied, and considerable evidence was taken to show that Kutz and Dreibelbis did the work under the Lebanon bridge contract, and were partners in it. The evidence was conflicting and comprised declarations of Kutz which recognized a partnership, and of Dreibelbis which denied it. The learned judge of the court below in his charge to the jury reviewed the evidence, and said, " from this testimony it is for the jury to say whether these two persons were partners in the building of that bridge in Lebanon county. If they were, then the plaintiff is entitled to a verdict for the amount which Mrs. Kutz received, to wit,

the $1,100." A verdict was rendered for the plaintiff for that sum, and judgment was duly entered upon it.

It is contended on the part of the plaintiff in error that the evidence is not sufficient to support a finding by the jury that a partnership existed between Kutz and Dreibelbis in the Lebanon bridge contract, and that if it is sufficient for that purpose, an action of assumpsit cannot be maintained against Esther Kutz, executrix of Charles Kutz, deceased, for the proceeds of it. We cannot say that the evidence is insufficient to support the finding of the jury that such a partnership existed between them, and we think the action of assumpsit may be maintained.

It is a familiar principle of law, that upon the dissolution of a partnership by the death of one of its members, the right to recover the assets of the firm belongs to the surviving partner and not to the administrator of the deceased partner. In McCartey, surviving partner, v. Nixon, 2 Dall. 65, note, it was held that where an administrator of a deceased partner collected debts belonging to the firm, he must be considered as having received the money in trust for the firm, and that the surviving partner could recover it from him. The same principle was recognized in Wallace v. Fitzsimmons, 1 Dall. 268. In Alexander v. Coulter, 2 S. & R. 495, administrators of a deceased partner, who had ignorantly sued for and recovered some of the partnership debts, were adjudged liable to the surviving partner for the amount so received by them. The surviving partner is "the agent of the defunct firm for the purpose of disposing of its assets, paying its debts and settling it up, and for this purpose the title to such assets is vested in him:" Shipe's App., 114 Pa. 205. For firm moneys or assets received by a partner in his lifetime, the ordinary rule is that his copartner cannot maintain assumpsit against him or his estate, but that he must resort to a bill for an account, or an action of account render. But to this rule there is an exception, and it is well settled, that where there is a partnership in a single and finished transaction, one partner may maintain an action of assumpsit against the other: Brubaker v. Robinson, 3 P. & W. 295; Galbreath v. Moore, 2 W. 86; Wright v. Cumpsty, 41 Pa. 102; Finlay v. Stewart, 56 Pa. 183; Meason v. Kaine, 63 Pa. 335. In such case the accounts of the partners are ad-

justed, and the plaintiff recovers his share of the proceeds of the transaction.

That the amount claimed in this case is the proceeds of the Lebanon bridge contract is undisputed, and that Dreibelbis was a partner with Kutz in that contract is established by the verdict of the jury. But it is a case of partnership in a single transaction, which was closed in November, 1872. . After that, nothing remained to be done but to collect what was unpaid upon the contract. The price to be paid for the work was by the terms of the contract payable to Charles Kutz, his executors, administrators or assigns, and it was so made with the full ·knowledge and approval of Dreibelbis. The right of action was in Charles Kutz, and upon his death passed to his legal representative, whose duty it was to prosecute the suit to judgment. Mrs. Kutz was not an intermeddler in this business ; she did only what it was her plain duty to do, in closing up this matter with the county and receiving this money. Dreibelbis made no suggestion on the record of the suit that he had or claimed any interest in it, but he distinctly recognized the right of Mrs. Kutz as executrix to control it as an estate claim, when he assisted her in an application for a change of venue. It was more than eight years after the one purpose of the partnership was accomplished, five years after the death of Kutz, and nearly three years after his executrix had received this money from the county, before this suit was instituted, and then five years passed before a declaration was filed in it. These facts coupled with the absence of evidence or claim that there are outstanding debts of the partnership to be settled, justify the conclusion that none exist.

If. Kutz had received this money, his estate could be compelled to pay to Dreibelbis only so much of it as belonged to him upon a settlement of the partnership accounts : Arnold v. Arnold, 90 N. Y. 580. When the estate of a deceased partner is lawfully possessed of a fund which is the sole asset of the partnership, and nothing remains to be done except to state an account between the partners, it need not pay over that fund to the surviving partner. Why should this fund be transferred to Dreibelbis, and Mrs. Kutz be compelled to bring an action against him for a settlement of the accounts between the partners, when, as we have seen, these accounts may be adjusted in

the present action ?   We discover no necessity for such transfer, nor propriety in it.   Upon a re-trial of this case the plaintiff may recover such portion of this fund as, upon an account settled between the parties, appears to belong to him.

We have considered this as a partnership in a single transaction, because it was so treated in the court below, and is the only partnership established by the verdict of the jury.   The evidence in the case would not sustain a finding of a partnership embracing other matters.

The sixth specification of error is sustained.   We discover no error in the remaining specifications and they are not sustained.

The judgment is reversed, and a venire facias de novo is awarded.