## Kukurin v. Hallam

*Moninger & Burnside,* for plaintiff.
*McAlister & Zelt,* for defendant.

BURNSIDE, J., October 12, 1940.—A writ of foreign attachment was issued in the above case, and certain prop-

erty of defendant, John B. Hallam, was attached. Following a rule on plaintiff to show a cause of action, plaintiff filed a statement of cause of action, which statement will also serve as plaintiff's statement of claim.

This statement alleges that Frank Kukurin, John B. Hallam, and David C. Gillies were copartners, doing business under the name of Hallam Construction Company, duly registered under the Fictitious Names Act of June 28, 1917, P. L. 645. Capital contributions were made by the partners as follows: Frank Kukurin, $1,800; John B. Hallam, $2,539; David C. Gillies, $650, or a total of $4,989. On December 3, 1936, said partners entered into a contract with the Commonwealth of Pennsylvania for the construction of a certain section of highway and bridge in Somerset County, on State highway route no. 55127, for a contract price of $26,642.80.

Plaintiff's statement claims that the partner David C. Gillies owns no real or personal property, so that the indebtedness owing by said partnership will have to be borne by plaintiff and defendant.

The statement further alleges that the Maryland Casualty Company did deliver to the Commonwealth two surety bonds, each in the sum of $13,321.40, one of the bonds being conditioned for the faithful performance of said road and bridge building work, and the second conditioned for the payment of all materials and labor. The partners, in consideration of the execution and delivery of said bonds by the Maryland Casualty Company, agreed, in writing, to indemnify said company and save it harmless from and against all liability for damages, loss, costs, charges, and expense of whatsoever kind or nature, including counsel and attorneys' fees, which said company might at any time sustain in consequence of the bond; and that, in the event of any default, all payments then or thereafter to become due under said contract should be paid to the company. The copartners jointly and severally executed a written application for said bond, and agreed so to indemnify the company.

The partnership failed to pay for certain material, supplies, services, and labor, and the Maryland Casualty Company, by the term of its bond, became liable for the payment of the same.

The Maryland Casualty Company filed complaint in the United States district court against the partners, and against all other persons known to have claims for labor, materials, supplies, and services used in the construction of said bridge and highway, praying that an accounting be had between the company and the various parties defendant, to ascertain the amounts owing on said surety bond. This action was so proceeded with that certain judgments totaling $5,799.74 were entered against said partners. In addition to these judgments, a judgment in assumpsit was entered against the partnership in the sum of $2,983.05, which made a total of $8,782.79. By reason of the entry of said judgment, the considerable property, both real and personal, owned by plaintiff, Kukurin, became subject to execution, and, in order to save his property from lien or execution, he paid the greater portion of said judgments, and also an attorney's fee for which the partnership was liable to the Maryland Casualty Company by the terms of the indemnity contract aforesaid, the bill of the attorney for $1,507.84 being compromised by plaintiff in the sum of $1,231.96. Plaintiff was also required to pay certain costs in the sum of $20, the whole being $10,034.75, of which plaintiff claims one half from defendant, Hallam.

To this statement defendant has filed a statutory demurrer, claiming that assumpsit is not a proper remedy, and that plaintiff's only remedy is in equity for an accounting. Plaintiff argued that the present practice is ruled by Pa. R. C. P. 2129, which rule reads as follows:

"An action may be prosecuted at law by a partnership against one or more of the partners thereof, or against such partners together with persons not partners; or by one or more partners, or by such partners together with other persons not partners, against the partnership. No

such action may be prosecuted in equity unless there is ground for equitable jurisdiction other than the fact that the action is between a partnership and one or more partners."

This rule expressly makes provision for certain actions at law by a partnership against one or more partners, or by one or more partners against a partnership, but does not expressly provide for suits by one partner against another. Prior to the adoption of this rule, with certain exceptions, actions by a partnership against one of its members were prohibited at law, and the remedy was held to be solely in equity. Rule 2129 was apparently adopted to avoid delays and expenses incident to an accounting in equity, but, as it does not specifically cover the case at bar, the decision must be based upon other grounds.

A court of equity's jurisdiction over matters of account is based upon the complicated character of the account, the need of discovery, and the existence of a fiduciary or trust relation: 2 Beach on Modern Equity Jurisprudence, sec. 839; Graham v. Cummings, 208 Pa. 516. Where the contract consists of a single transaction, and can be tried at law without a multiplicity of suits, an action at law is permitted. The exception to the rule that controversies between partners must be settled in equity is well stated in the case of Kutz, Executrix, v. Dreibelbis, 126 Pa. 335, where the law is stated thus (p. 339) :

"For firm moneys or assets received by a partner in his lifetime, the ordinary rule is that his copartner cannot maintain assumpsit against him or his estate, but that he must resort to a bill for an account, or an action of account render. But to this rule there is an exception, and it is well settled, that where there is a partnership in a single and finished transaction, one partner may maintain an action of assumpsit against the other. . . . In such case the accounts of the partners are adjusted, and the plaintiff recovers his share of the proceeds of the transaction."

See also Finlay v. Stewart, 56 Pa. 183, Wright v. Cumpsty, 41 Pa. 102, and Meason v. Kaine, 63 Pa. 335.

The only questions set forth in plaintiff's statement are as follows: First, shall defendant be required to pay to the plaintiff, his only solvent partner, one half of the judgments entered against the partnership; and second, was the amount paid to the attorney for the Maryland Casualty Company, under the terms of the agreement by the partners to indemnify the company, a fair and reasonable charge for services rendered and expenses paid. It cannot be successfully contended that there is any need for an accounting when the issues are so well defined. These facts may be determined by a jury, and did plaintiff's statement aver that such claims were the only matters in dispute between plaintiff and defendant, growing out of the partnership arrangement, we would overrule defendant's demurrer, and order him to file an answer to plaintiff's statement.

A suit in assumpsit has been filed at no. 326, February term, 1940, in which the partnership is plaintiff and John B. Hallam is defendant. Plaintiffs claim a balance due from defendant on account of moneys received and handled by him, and for one half the unpaid bills owed by said partnership. This action comes clearly within the provisions of rule 2129. These two actions involving partnership affairs do not in themselves constitute a "multiplicity of suits" within the meaning of the law. We understand from the argument of the cases that these are the only suits involved in matters of dispute among partners. If so, such facts should be clearly alleged in plaintiff's statement.

If the present actions between plaintiff and defendant are the only remaining matters at issue between said partners growing out of the partnership arrangement, it should be so alleged in plaintiff's statement of claim. If other matters than those covered by this suit will have to be later determined, then plaintiff should amend his statement of claim to ask for an accounting, in accordance with

the provisions of the Practice Act of May 14, 1915, P. L. 483, and its amendments.

In view of the fact that we deem plaintiff's statement not sufficiently specific on the points hereinabove mentioned, we will now treat defendant's demurrer as a motion to strike off.

And now, October 12, 1940, plaintiff's statement is hereby stricken from the record for the reason that it is not sufficiently specific. Plaintiff is given 30 days within which to file an amendment to his statement of claim, either by making an averment that all the controversies between plaintiff and defendant growing out of the partnership relationship are contained in plaintiff's statement, or by amending the statement of claim to ask for an accounting in accordance with the provisions of the Practice Act, supra.