## Welch *v.* Miller, Appellant.

*Partnership—Accounting for profits—Single transaction—Assumpsit—Equity.*

Where a partnership is for a single transaction such as the purchase and resale of a particular piece of real estate, one partner does not have to maintain against another a bill in equity for an accounting and for the share of the profits, but he may proceed in law by assumpsit.

In an action of assumpsit it appeared that the two plaintiffs had entered into an agreement with the two defendants to purchase and resell a piece of real estate, the profits of the transaction to be divided one half to plaintiffs and one half to defendants. One of the defendants contended that he only received a small portion of the sum in question from his associate. *Held,* that the contention could not be maintained as a defense, since he was jointly liable for the whole amount claimed by plaintiffs.

In the above case the defendants contended that as a mortgage had been taken for a share of the purchase money, and as this had not become due or been paid, the action was premature. The affidavit of defense denied the contract, and the case was tried on that issue alone. *Held,* that under the circumstances it was too late to claim that the action was premature.

Argued Oct. 24, 1904. Appeal No. 66, Oct. T., 1904, by defendant, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1902, No. 490, on verdict for plaintiff in case of William Welch and Charles E. Pool v. William A. Miller and Christ. S. O. Tinstman. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Assumpsit for profits on a partnership transaction. Before MACFARLANE, J.

The court charged as follows :

[This case turns upon a question of fact, was there a contract made in April, 1902, between these two plaintiffs and the two defendants, that the defendants would get an option on this farm near Stewart Station, the plaintiffs getting a purchaser and that they would divide the profits.] [1] Any arrangement that may have been made between these plaintiffs and Mr. Tintsman would not entitle them to recover unless Mr. Miller was brought into the transaction. If Mr. Tintsman merely agreed with these men to divide his profits or his commissions, then there would be no recovery here, because there is no evidence that he was an agent for Mr. Miller, and no evidence that would authorize you to find that he could speak for Mr. Miller. So that the conversations between Mr. Tintsman and Mr. Welch and Mr. Pool are, so far as Mr. Miller is concerned, only important here as they may throw light on all the circumstances, together with the conversations that Mr. Pool testifies to having occurred on their way up to the farm, the conversation with Mr. Miller. Those things taken together may satisfy you that Mr. Miller had made some such contract.

The contention of the plaintiffs is that it was a division of profits in the resale of this property. The contention of Mr. Tintsman is that he was to divide his profits, or as he says, his commissions, or whatever words he used. He said he used the word " commissions " and it is argued by the defendants that this is a reasonable explanation of the whole matter and that that is all there was in it. The defendants give you various circumstances, and taking the whole case they have argued that the probabilities are that that was all there was in it; and particularly the course of conduct of Mr. Miller; that he acted as a man would who had no arrangement with anybody except Mr. Tintsman and that that was to pay him a commission, and that whatever arrangement Mr. Tintsman might have made with other people was none of his business.

On the other hand, Mr. Pool, for the plaintiffs, testified that he talked with Mr. Miller on the way up to the farm, and that Mr. Miller said to him something to this effect, that he understood that the arrangement between them was that he, Pool, would get a purchaser and " we are to get the option and we will divide." That, if believed by you, is evidence from which,

taken in connection with the other matters, you might find that there was such a contract. It is necessary in order to make out a contract, that the people should agree, that their minds should meet on a common basis, and if Mr. Miller was talking about the profits the same as Mr. Pool was, that would be sufficient to make a contract; their minds would meet then on a common footing. But if such conversation did take place and Mr. Miller was talking about the division of commissions between Mr. Tintsman and these men, you will see that they would not have understood each other and their minds would not have met on a common basis.

That is practically all there is in it. Mr. Tintsman says that is was about half of his profits, and these men say that it was about half of the whole profits made by all of them. The general surroundings of the case, all of the circumstances, the appearance and manner of the witnesses are entirely for you. It is not a question whether these men earned their commission or not; it is not a question whether they did more work than Mr. Miller and Mr. Tintsman. That has nothing to do with it. It is a mere question of a bargain. Whether it turned out to be a good bargain or a bad bargain has nothing to do with it. Did these people agree as claimed by the plaintiffs? If they did not, your verdict must be for the defendants, because the question of commissions is not in this case. If that was all there was in it these men have their remedy and can claim their commissions. They are claiming here on a different contract, so that you cannot say, " Well, they are entitled to at least $200," because that would be for another case. So that your verdict will be either for the plaintiffs in the amounts which counsel will give you, whatever it is, with interest, or it would be a straight verdict for the defendants.

[Counsel for defendants asks me to decide this case and not leave it to the jury. They have asked me to give peremptory instructions that under all the evidence the verdict should be for the defendants. But this is refused because I think the case is properly in your hands and not in mine.] [3]

Verdict and judgment for plaintiff for $3,083.70. Defendants appealed.

*Errors assigned* were (1, 3) the instructions of the court as above.

*A. M. Thompson*, with him *J. R. McQuaide*, for appellant.—The man who got comparatively nothing in this transaction, and did not pretend to be other than a broker for a known principal, is saddled with the judgment for one half the profits, and the learned judge failed to adequately instruct the jury as to the position of Tinstman in the case, but left the jury to assume that he received his share.

An action does not lie by one or more members of a partnership for an accounting where the defendant, or one of the defendants, received nothing for which he was under legal obligation to account and did not have in his hands or is properly chargeable with any partnership property: Portsmouth v. Donaldson, 32 Pa. 202.

By a long line of cases which it was held in this state that the only mode for the settlement of partnership accounts was by bill in equity or account render: Leidy v. Messinger, 71 Pa. 177; Crow v. Green et al., 111 Pa. 637.

In this case it is undisputed evidence that Miller has not yet received in cash the sum for which this action is brought, but that more than the entire amount of profits for which Miller is charged is represented by the purchase money mortgage upon the property sold for the sum of $6,200, which still remains unpaid.

A settlement of this question without a decree by a court of equity apportioning this mortgage among the partners would be inequitable as against Miller, the one of the partners who advanced all the money and assumed all the obligations.

*W. H. S. Thomson*, with him *Daniel Harrison*, for appellees.—Under the facts of this case that assumpsit and not a bill in equity, is the proper remedy, we think is clear under the authorities: Brubaker v. Robinson, 3 P. & W. 295; Meason v. Kaine, 63 Pa. 335; Jackson v. Emmens, 119 Pa. 356; Canfield v. Johnson, 144 Pa. 61; Howell v. Kelly, 149 Pa. 473; Kutz v. Dreibelbis, 126 Pa. 335.

It is argued by appellant's counsel in effect, that inasmuch as Miller took a mortgage for the balance of the purchase money, which was unpaid at the time the suit was brought, that this action is premature. That if the mortgage should prove uncollectible, that a money judgment in settlement of this trans-

action would be inequitable. This objection is disposed of and fully answered in the case of Benjamin v. Zell, 100 Pa. 33.

OPINION BY MR. JUSTICE THOMPSON, December 31, 1904:

Three questions are raised by the assignments of error in this case. First, whether there was a joint liability on the part of the appellants, for which an action in assumpsit would lie. Second, whether one of the appellants not having received one half of the profits, but only a small sum described as commissions, was liable. Third, whether the action was premature by reason of one of the appellants having received in payment a mortgage which had not matured.

The appellants entered into an agreement with the appellees by which the former agreed to get an option to buy a certain farm, and the latter to procure a purchaser for it, the profits of the transaction to be divided between them, viz: one half to appellants and one half to appellees. The option was obtained, the purchaser procured, the transaction consummated and profits to the amount of $5,700 realized. The appellees in this action sued for one half of these profits. The verdict established the contract and the amount of profits derived from it. Appellants contended that the transaction was one of partnership and that the proper remedy was by bill in equity for an accounting and not by an action of assumpsit. The contract was a joint one and for a joint single transaction. It was closed and the exact amount of the profits was ascertained. The reason for the settlement of a partnership account through the medium of a bill in equity does not, therefore, exist and it is manifest that as an accounting is unnecessary, the transaction being a single one, an action of assumpsit will lie.

. In the case of Brubaker v. Robinson, 3 P. & W. 295, a case not dissimilar to the present one, the court below held that an action of assumpsit would lie and Mr. Justice KENNEDY, in delivering the opinion, said:

" For admitting that a technical partnership existed, of the correctness of which I very much doubt, there was but a single item to be settled, the partnership, if such it may be called, being at an end. The whole scope of the agreement contemplated only the purchase of a single item of property, and the sale of it again and an equal division of the gain thereby made

between them.   It cannot be pretended that there is any necessity for the intervention of auditors to state and settle and account when the whole matter consists merely of the purchase of a single tract of land, and the sale of it again; and the question to be answered is how much, if anything, has been gained by the purchase and resale, after deducting the expenses attending it ?   This can be ascertained with as much facility and certainty by a jury as by auditors, and the verdict of the jury at once closes and puts an end to all further controversy. Where the transaction is of such a nature as to render the calling in of auditors altogether unnecessary the action of account render may be very well avoided; for the prosecution of such an action is not only attended with more than double the costs and expenses but more than double the delay of assumpsit."

Following the ruling of this and succeeding cases, Mr. Justice McCollum, in the case of Kutz v. Dreibelbis, 126 Pa. 335, says :

" For firm moneys or assets received by a partner in his lifetime the ordinary rule is that his copartner cannot maintain assumpsit against him or his estate, but that he must resort to a bill for an account, or an action of account render.   But to this rule there is an exception, and it is well settled that where there is a partnership in a single and finished transaction, one partner may maintain an action of assumpsit against the other : Brubaker v. Robinson, 3 P. & W. 295; Galbreath v. Moore, 2 Watts, 86; Wright v. Cumpsty, 41 Pa. 102; Finlay v. Stewart, 56 Pa. 183; Meason v. Kaine, 63 Pa. 335.   In such case the accounts of the partners are adjusted and the plaintiff recovers his share of the proceeds of the transaction.

That the amount claimed in this case is the proceeds of the Lebanon Bridge contract is undisputed, and that Dreibelbis was a partner with Kutz in that contract is established by the verdict of the jury.   But it is a case of partnership in a single transaction, which was closed in November, 1872.   After that nothing remained to be done but to collect what was unpaid upon the contract."

Appellants further contended that as Tintsman, one of the appellants, received but $200, described as commissions, from his associates, appellants were not entitled to recover against him.   The evidence shows a single joint transaction in which

there was a joint liability on the part of appellants to pay to appellees one half of the profits realized. The legal obligation to pay cannot be avoided successfully by one of the appellants by reason of the fact that he has received only a small part of the profits, by whatever name they may be designated by them, or by any arrangement which they may have chosen to make as to division between them. The joint liability under the contract entitled the appellees to recover against both appellants and this notwithstanding one of them may have received from the other less than his full share of the profits realized.

Appellants also contended that one of the appellants having received a mortgage for the balance of the purchase money and the same not being due, this action was premature and appellees were not entitled to recover. The affidavit of defense denies the contract and the case was tried upon the issue whether the contract averred had been made and having gone to trial upon that issue and that issue only, it is too late to claim that the action was premature.

In the case of Benjamin v. Zell, 100 Pa. 33, Mr. Justice MERCUR says :

" It is further objected that the suit was prematurely brought, inasmuch as the plaintiff in error took promissory notes for the consideration money, and they were not paid, when the suit was commenced. When asked to settle after he sold, and before suit was brought, he made no such objection. Neither then or on the first trial of the case does it appear that his refusal was put on the ground that he had not actually received all the money. The whole defense appears to have been a denial of the agreement alleged by the defendants in error, and now found by the jury. His receipt at the foot of the deed which he had executed admitted the receipt of the consideration money. He took the promissory notes as money. They were put in bank and all paid at maturity. He made no offer to turn over any of the notes, nor any request for defendants in error to wait until they were all paid."

The assignments of error are not sustained and the judgment is affirmed.