# Fuller's Estate.

*Decedents' estates—Children of illicit union—Marriage—Burden of proof—Insufficient evidence.*

1. Where the relation between a man and woman was illicit at its commencement, the presumption is that it so continued and the burden is upon those who assert that a marriage subsequently took place to establish the fact of such marriage.

2. Where the children of intestate decedent who were the offspring of a union illicit at its commencement, petitioned for a citation to compel the administratrix of such decedent to file an account, the petition was properly refused in the absence of evidence that petitioner's mother was ever married to decedent, or that decedent had ever publicly recognized her as wife, or had ever cohabited with her in a common dwelling.

Argued May 10, 1915. Appeal, No. 250, Jan. T., 1914, by Harry C. Fuller and Lucy Kate Thorne, formerly Lucy Kate Fuller, from order of O. C. Fayette Co., June T., 1912, No. 98, dismissing petition for a citation, in estate of William C. Fuller, deceased. Before Brown, C. J., Elkin, Moschzisker and Frazer, JJ. Appeal dismissed.

Appeal from decree of the Register of Wills refusing to compel an administratrix to file an account. Before Work, P. J.

It appeared from the record that William C. Fuller died at his home in Perryopolis, Fayette County, Pennsylvania, September 14, 1901, intestate. Letters of administration were granted to his mother, Catherine Fuller, on October 31, 1901. On August 17, 1912, Harry C. Fuller and Lucy Kate Thorne petitioned the register of wills of Fayette County for a citation to compel Catherine Fuller, administratrix, to file her account or to show cause why an account should not be filed. The respondent in her answer denied that the petitioners were such parties in interest as would entitle them to

maintain such a proceeding, or that they were heirs at law of William C. Fuller. It appeared that the petitioners were the offspring of the decedent and Anna Mary Bradley, with whom the decedent had maintained intimate relations for a long period of time. It did not appear that the decedent had ever publicly recognized the mother of the petitioners as his wife, or had ever cohabited with her in a common dwelling, but on the contrary, it appeared that he had lived with his parents in another town, a short distance from her home, and had visited her only at intervals. There was evidence tending to show that he had on various occasions recognized the petitioners as his children.

The petition for the citation was refused by the register of wills. On appeal, the Orphans' Court sustained the decree of the register. Harry C. Fuller and Lucy Kate Thorne, appealed.

*Error assigned* was the decree of the court.

*E. C. Higbee,* with him *Harry A. Cottom* and *E. P. Cottom,* for appellant.

*R. F. Hopwood,* for appellee.

PER CURIAM, May 26, 1915:

The relation between the mother of the appellants and William C. Fuller was illicit at its commencement, and the presumption is that it so continued: Hunt's App., 86 Pa. 294; Appeal of Reading Fire Insurance and Trust Company, 113 Pa. 204; Patterson's Est., 237 Pa. 24. The burden was upon the appellants to show the actual marriage of their mother to the decedent whose estate they are claiming as his heirs. The court below properly found, under all the testimony, that they had failed to prove a marriage, and their appeal must, therefore, be dismissed.

Appeal dismissed at appellants' costs.