Kingsley Clothing Manufacturing Company, Inc.,
*v.* Jacobs et al., Appellants.

Argued April 20, 1942. Before SCHAFFER, C. J.;
MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

George T. Steeley, with him Carr & Krauss, for appellant.

David S. Malis, with him Richard B. Malis, for appellee.

OPINION BY MR. JUSTICE STERN, May 11, 1942:

This suit is in assumpsit to recover $10,419.43 under two contracts, one dated August 29, 1940 (as amended by a supplemental agreement of November 2, 1940), and the other dated November 18, 1940. Plaintiff filed a rule for judgment for the portion of its claim as to which the affidavit of defense was insufficient. Defendants took a rule to amend their affidavit of defense which was discharged by the court, and later a rule for another amendment which was made absolute by agreement of the parties. The court entered judgment in the sum of $1,451.72. Plaintiff filed a rule to show cause why the judgment should not be increased to $6,444.92. Defendants appealed to the Superior Court from the entry of the judgment. After the certiorari had issued and an appeal bond had been filed, the court made absolute plaintiff's rule to increase the judgment to $6,444.92. Defendants thereupon took an appeal to the Supreme Court from the judgment as thus amended. The Superior Court certified to this court the appeal from the judgment as originally entered.

Under the August contract plaintiff agreed to make for defendants 25,000 coats at $2.45 per coat, for the manufacture of which defendants held a government contract. Defendants were to advance the necessary

funds for plaintiff's manufacturing operations. By the supplemental agreement of November 2, 1940, the price was changed from $2.45 to $2.65 per coat. In estimating the sum due plaintiff the court mistakenly used the unit price of $2.45 instead of $2.65, and it was in order to correct this error that the court increased the amount of the judgment. While, ordinarily, a court of first instance is without jurisdiction to proceed with a cause after the record has been removed to an appellate court (*Gilbert v. Lebanon Valley Street Railway Co.*, 303 Pa. 213, 218, 154 A. 302, 304; *Harwood v. Bruhn*, 313 Pa. 337, 341, 342, 170 A. 144, 145), here the court merely changed a figure erroneously used in its computation, and as defendants concede that the proper unit price was in fact $2.65 their complaint that the amendment of the judgment could not be made after the taking of the appeal deserves no serious consideration.

The advances made by defendants to plaintiff were approximately equal to the amount due plaintiff for the manufacture of the coats, so that there is nothing recoverable under the August contract. The main controversy between the parties centers around the second contract, that of November 18, 1940, by the terms of which plaintiff was to lease its entire plant to defendants for the manufacture, under the supervision of two of its employes, of 20,000 coats which defendants had contracted to make for the government. The November contract provided that "Upon the completion of the performance of the said contract between the Government and Progressive [defendants] for the making of the said 20,000 coats, and the payment therefor by the Government to Progressive, Progressive shall determine the profit, if any, made by them on said contract, and shall pay one-half (½) thereof to Kingsley [plaintiff]." In their affidavit of defense (as amended by agreement of the parties) defendants admitted that they performed their contract with the government and delivered to it the 20,000 coats (less 26 unaccounted for), that they

received *final payment* for these coats on April 16, 1941, and that their net profits on the transaction amounted "approximately" to $18,986.91. Of this amount plaintiff would be entitled to one-half, or $9,493.45. Defendants resist payment of plaintiff's share on the ground that two agents of the United States Department of Labor, Division of Public Contracts, orally informed them that the Department would make an assessment for alleged violations, in the performance of the government contracts, of the Public Contracts Act of June 30, 1936, c. 881, 49 Stat. 2036, 41 U. S. C. A. §35 et seq., and, if such assessment is made, defendants will be entitled to reimbursement from plaintiff under the August contract and the profits under the November contract will be reduced. These allegations are contained in the amendment to the affidavit of defense which the court refused to allow defendants to file. Assuming that they had the right to amend (*Franklin Sugar Refining Co. v. Howell,* 274 Pa. 190, 192, 118 A. 109, 110; *Dever v. Kathrins and Golen,* 82 Pa. Superior Ct. 140, 142), such a possible but contingent and uncertain future liability to the government cannot affect their present obligations to plaintiff. The November contract provided that plaintiff would be entitled to payment when defendants received payment from the government, and admittedly the government paid defendants more than a year ago. If the government sees fit at some time hereafter to levy assessments or penalties upon defendants, or to claim any deductions or allowances, defendants may then call upon plaintiff for proper reimbursement.

In the rejected petition for amendment of their affidavit of defense defendants claimed that plaintiff took possession of, retained and converted to its own use, certain supplies and merchandise of a value of $439.07. It was not averred, however, that such supplies and merchandise were the property of defendants or that plaintiff was not entitled to take and retain them.

Defendants assert that plaintiff should have brought an action of account render or a bill in equity for an ac-

counting instead of an action in assumpsit. Apart from the fact that apparently this position was not assumed in the court below (as to which see *Ehmling v. D. L. Ward Co.,* 279 Pa. 527, 532, 124 A. 181, 182), it is devoid of merit. The November agreement distinctly provided that "The parties hereto agree that they are not partners, and that Kingsley [plaintiff] is to receive one-half (½) of the profits for the use of its factory, machinery, furniture, fixtures, equipment and office." The fact that one is entitled by agreement to a share of the profits of an enterprise does not necessarily constitute him a partner: *De Haven's Estate,* 248 Pa. 271, 93 A. 1013; *Comstock v. Thompson,* 286 Pa. 457, 460, 133 A. 638, 639. As between the parties themselves partnership is a matter of intention, and where they expressly declare that they are not partners this settles the question, for, whatever their obligations may be as to third persons, the law permits them to agree upon their legal status and relationship inter se: *Kaufmann v. Kaufmann,* 222 Pa. 58, 67, 68, 70 A. 956, 959. What we have here is nothing but a single transaction conducted by joint adventurers and now completed; in such a case the party entitled may proceed by action of assumpsit to recover his share of the profits: *Wright v. Cumpsty,* 41 Pa. 102, 111, 112; *Finlay v. Stewart,* 56 Pa. 183, 191; *Welch v. Miller,* 210 Pa. 204, 59 A. 1065.

A slight error appears in the amount of the judgment entered. To the item of $9,493.45, plaintiff's half of the profits, must be added $176.11 admitted to be due plaintiff for certain credits under the August contract, making a total of $9,669.56; from this must be deducted $3,185.27 claimed by defendants for loans made to plaintiff, a set-off of $15.50, and a claim of defendants for $140.88 under the August contract for 34 coats not delivered and 55 coats which required repair. This leaves a net amount of $6,327.91 as to which the affidavit of defense is insufficient; upon that amount plaintiff is entitled to interest from the time when it became due to the date of judgment.

The record is remitted with directions to modify the judgment as herein indicated, and when and as so modified the judgment is affirmed, with leave to plaintiff to proceed for the balance of its claim.