## Zuback, Appellant, v. Bakmaz.

Argued November 23, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Leo H. McKay,* with him *C. E. Brockway,* of *Brockway, Whitla & McKay,* and *John R. Boland, Jr.,* for appellant.

*Thos. H. Armstrong,* with him *J. W. McWilliams,* for appellee.

OPINION BY MR. JUSTICE PARKER, January 4, 1943:

This action in equity for an accounting was based on the allegation that plaintiff and defendant were partners. The court below found that they were not partners but were tenants in common and dismissed the bill. We are all in accord with that conclusion.

In 1937 Anthony G. Zuback and Marko Bakmaz, Croatians, purchased real property near Sharon laid out in lots and known as Park View Acreage. The parties took title by deeds as tenants in common and at the same time received an assignment of outstanding contracts for the sale of lots and of a deposit agreement with Pennsylvania Power Company. It is clear from the evidence that the parties contemplated selling the property as a real estate development.

As the chancellor, affirmed by the court in banc, found that the parties were not partners, that finding has the force of a jury's verdict and is binding if there is any evidence to support it: *Chambley v. Rumbaugh,* 333 Pa. 319, 5 A. 2d 171. It remains to inquire whether there was such evidence.

The parties, after receiving legal advice, took their title as tenants in common. They were then advised that it would be necessary to have their wives join in the sale of lots and plaintiff at some expense and considerable inconvenience secured a power of attorney from his wife in a foreign country. All the deeds for the lots were so made with the wives joining except in the cases of two or three lots sold before the power of attorney was re-

ceived from the wife of plaintiff. They arranged to deposit the proceeds of sales, which would be largely in the form of installment contracts, in an account in a bank in the name of "Park View Acreage, Marko Bakmaz, Tony G. Zuback" and the corresponding signature card provided that deposits could be withdrawn only on the signature of both parties. Each party did sign all of the checks drawn on that account.

We are here concerned with the relationship of the parties as between themselves and not with a situation involving third parties or a liability existing by reason of a holding out. A true partnership relationship depends upon a contract express or implied between the parties to the relation and the ascertainment of the intention of the parties as to being partners is essential in determining whether they are in fact partners inter sese: *Hedge & Horn's Appeal,* 63 Pa. 273. The plaintiff testified that when the land was purchased they agreed verbally to become partners and there was some effort to corroborate the claim. The additional evidence however was of doubtful import. The defendant denied that there was any such agreement. The chancellor affirmed by the court in banc refused to credit the testimony of the plaintiff and accepted that of the defendant. Not only was the credibility of the witness for the chancellor and court below, but a careful examination of the record confirms their judgment. The chancellor who saw and heard the witnesses describes the plaintiff as mentally alert and speaking English fluently and readily understanding it and states that Bakmaz spoke English poorly, was difficult to understand and dull of comprehension. He concluded that the testimony of the plaintiff and his witnesses as to the existence of a partnership was unsatisfactory. Our opinion after examination of the record is in accord with the judgment of the chancellor. The testimony of the plaintiff as to the money that had been contributed to the purchase of the land and the money that had been withdrawn from the bank was such as to cast serious doubt on all his testimony.

The plaintiff depended for corroboration in part on the testimony of certain witnesses as to the use of the word "partner" by Bakmaz in conversations with regard to the property. As the lower court points out, the term "partners" is used to designate various relationships such as companions, fellow workers, or close friends. The use of the word "partner" by a foreigner with little appreciation of the precise meaning of words is of very doubtful import and aside from the question of credibility we believe the court was warranted in giving little weight to plaintiff's witnesses in this respect: cf. *Dinger v. Friedman,* 279 Pa. 8, 21, 123 A. 641.

"A mere tenancy in common does not create a partnership, and a partnership will not be implied from the joint ownership or joint purchase of land": 40 Am. Jur., Partnership §5. "The law does not imply a partnership between tenants in common because of the fact that they agree to develop or operate the common property, since they may rightfully do this by virtue of their respective titles as part owners": *Butler Sav. Bk. v. Osborne,* 159 Pa. 10, 16, 28 A. 163; *Laughner v. Wally,* 269 Pa. 5, 7, 112 A. 105.

We find ample evidence to support the chancellor's principal finding, affirmed by the court in banc. While the burden of proof was on the plaintiff to prove a partnership, he not only failed to sustain that burden but the weight is with the defendant. This was particularly true at the initiation of the relationship between them for the parties manifested at that stage of their dealings a clear intent to avoid a partnership, assuming the fact finding body properly rejected plaintiff's oral testimony and accepted that of defendant. A status once established is presumed to continue until the contrary appeals: *Dinger v. Friedman,* supra, p. 18; *Fuller's Estate,* 250 Pa. 78, 95 A. 382.

The evidence as to subsequent dealings was not sufficient to establish a partnership at a later date, that is, to show that the parties intended to change the relationship theretofore existing. While there was the evidence

to which we have referred as to the way in which the account was kept and as to the use of the name "Marko Bakmaz & Co." this was not sufficient to compel the inference that the parties had intended to become partners: *Laughner v. Wally,* supra. It would unduly extend this opinion to analyze all of the testimony. While there was some evidence as to inconsistent pleadings by both of the parties in a former action the effect of that evidence was counterbalanced.

We also agree with the conclusion of the court below that the defendant had paid more than his full share of the consideration for the property and that he was not indebted to the plaintiff. The testimony in this respect is quite convincing and in any event was a question for the court below to determine.

We find no merit in the further complaint of the appellant that the chancellor abused his discretion in refusing to grant a rehearing after he had filed his decree nisi. This was clearly a matter resting in the legal discretion of the court below.

The decree of the court below is affirmed at the cost of the appellant.