## Mattei et al. *v.* Masci, Appellant.

· Argued Nov. 27, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Frank P. Lenahan,* with him *Conrad A. Falvello,* for appellant.

94

*Frank L. Pinola,* with him *Herman E. Cardoni,* for appellees.

OPINION BY MR. JUSTICE HUGHES, December 29, 1944:

This is a bill in equity praying for the dissolution of a partnership and an accounting, in which the court in banc entered a decree adjudging (1) an equal partnership exists between the two plaintiffs and the defendant, (2) that the partnership be dissolved, and (3) that the defendant make a full accounting to the plaintiffs. From this decree the defendant has appealed, claiming that since there is no written agreement or other documentary evidence of a partnership, the oral testimony was insufficient to establish it. Written articles of agreement are not necessary to prove a partnership, for such a relationship can exist under a verbal agreement. The existence of a partnership may be implied from the circumstances: *Gardenhire v. Ray et al.,* 23 N. E. 2d 927.

The following findings of fact were made by the court below: On February 21, 1941, Mattei, Giovannini, and Masci, by oral agreement associated themselves for the purpose of operating mining machinery for profit in the mine of the Saporito Coal Company and at that time agreed to contribute equally to the capital, to own equally all of the partnership property, and to share equally all of the profits and losses; that any of the partners actually working in furtherance of the partnership business should receive the current rate of wages in addition to his share of the profits. Pursuant to this agreement, they purchased a chain conveyor on February 22, 1941, and with it commenced their operations. This was followed by the purchase of another chain conveyor on July 1, 1941. The installments on these purchases were paid from the profits of the partnership operations at the Saporito mine. In carrying forward their business, Mattei and Masci did the mining and the proceeds from their work were paid to Masci. Giovannini worked elsewhere, but contributed his credit, tools

and equipment to the enterprise. There was evidence that at one time a deficit in operations occurred, of approximately $300.00, and each of them contributed equally to its liquidation. At the time of the purchase of the second chain conveyor, the seller stated that Mattei and Masci, in negotiating for the purchase, said they were partners, and that at a subsequent time, in the presence of two disinterested persons, Masci admitted the three of them were partners in the machinery, paid for it from their earnings, and once when "in the hole" contributed $99.95 each to its liquidation. These findings of the chancellor, affirmed by the court in banc, are fully sustained by the evidence and are entitled to the weight of the verdict of a jury: *Zuback v. Bakmaz,* 346 Pa. 279, 29 A. 2d 473.

The court having correctly found the existence of a partnership, the only question raised by this appeal must be resolved against the appellant.

Decree affirmed at the cost of the appellant.