Rosenberger *v.* Herbst, Appellant.

Argued March 21, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*John R. Mondschein,* with him *Harry A. Dower,* and *Dower, Huston & Cahn,* for appellant.

*Richard A. Rosenberger,* for appellees.

OPINION BY HOFFMAN, J., June 16, 1967:

On January 1, 1957, defendant Julius Herbst and one Eugene Parzych entered into a formal agreement relating to the operation of a farm owned by Herbst, located in Bucks County. The agreement, which is long and complex, recites Herbst's contribution of certain assets, principally the use and occupancy of the farm. It further acknowledges Parzych's indebtedness to Herbst in the amount of $6000, repayable with interest of five per cent per annum.

The actual farming operation is stated to be "under the full control of Parzych." Herbst is entitled to receive one-half of the net profits, and is bound to indemnify Parzych for one-half of any losses sustained.

In a key paragraph, the agreement recites: "Since any remuneration due hereunder to Herbst is a payment in return for his investment in the business and his capital contribution thereto, as well as in return for his leasing the Herbst Farm to Parzych without further rental payments, *the parties do not intend by this agreement to establish a partnership of any kind or type, but rather [a relation] of Debtor and Creditor and Landlord and Tenant.*" (Emphasis supplied).

Between February, 1957 and June, 1960, the plaintiffs, trading as "Clover Leaf Mill" (hereinafter "Clover Leaf") sold and delivered to Parzych large quantities of grain, feed, and fertilizer for use on the farm.

In July of 1961, Clover Leaf, for the first time, formally demanded payment from defendant Herbst for certain debts contracted by Parzych in connection

with farming operations.[1] Herbst disclaimed all liability, and this suit followed.

The court below focused exclusively on the Herbst-Parzych agreement. Concluding that the agreement constituted the two parties partners, in spite of the disclaimer clause noted above, the court directed a verdict in favor of plaintiff Clover Leaf. The defendant now appeals.

The Uniform Partnership Act of March 26, 1915, P. L. 18, §7, 59 P.S. §12, states the rule which governs this case: "(1) Except as provided in section sixteen [Partner by estoppel], persons who are not partners as to each other are not partners as to third persons." Two questions are therefore before us. First, did the agreement signed by Herbst and Parzych create a partnership *inter se*? Second, if it did not, is Herbst chargeable with liability as a partner, to this plaintiff, by virtue of his conduct?

## I

The court below noted that the contractual relation between Herbst and Parzych had many of the ordinary incidents of partnership. Thus, in the words of the trial judge, the agreement provided for "the division of net profits and the sharing of losses" as well as for "a bank account on which both parties [could] draw . . . for the business operation of the farm."

Relying on the above indicia of partnership, and on a number of cases decided before the passage of the Uniform Partnership Act, supra, the lower court concluded that the parties were partners *inter se*. See, e.g., *Ott v. Sweatman*, 166 Pa. 217, 31 A. 102 (1895); *Merrall v. Dobbins*, 169 Pa. 480, 32 A. 578 (1895); *Crownover v. Wilson*, 42 Pa. C.C. 630 (1914).

---

[1] There is a suggestion in the record that shortly before this demand Parzych had filed a petition in bankruptcy.

In relying on the profit-sharing provision of the Herbst-Parzych agreement, the lower court clearly erred. The Uniform Partnership Act, supra, 59 P.S. §12(4), specifically provides: "The receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business, *but no such inference shall be drawn if such profits were received in payment*: (a) As a debt by installments or otherwise, (b) As . . . rent to a landlord . . . (d) As interest on a loan, though the amount of payment vary with the profits of the business. . . ." (Emphasis supplied). As previously noted, Parzych's indebtedness to Herbst was to be repaid from the proceeds of the farming operation. Furthermore, the agreement specifically provided that Herbst's remuneration was to be considered "a payment . . . in return for his leasing the . . . Farm to Parzych without further rental payments. . . ." Accordingly, no inference of partnership may be drawn from Herbst's receipt of a fractional share of the proceeds of the farming operation.

The construction of this contract must, ultimately, be determined by reference to the intent of the parties. *Pappas v. Klutinoty,* 383 Pa. 184, 118 A. 2d 202 (1955). Paragraph Nine of the agreement clearly states that ". . . the parties do not intend . . . to establish a partnership of any kind or type. . . ." Our Supreme Court has held: "[W]here [the parties] expressly declare that they are not partners this settles the question, for, whatever their obligations may be as to third persons, the law permits them to agree upon their legal status and relationship [as between themselves]." *Kingsley Clothing Manufacturing Company, Inc. v. Jacobs,* 344 Pa. 551, 555, 26 A. 2d 315 (1942).[2] In light of the parties' express statement of intention, coupled with

---

[2] This is not the rule in most jurisdictions. See Rowley, Partnership (1960 ed.), §7.6 (H).

the inconclusive nature of the remainder of the agreement,[3] we hold that defendant Herbst and Eugene Parzych were not partners *inter se.*

## II

If the plaintiff seeks to charge defendant Herbst with liability as a partner under §16 of the Act,[4] 59 P.S. §38, it is his burden to show that the defendant's conduct gave rise to an estoppel. Cf. *Zuback v. Bakmaz,* 346 Pa. 279, 29 A. 2d 473 (1943). Not only did the plaintiff make no such attempt in the court below, but, in his brief on appeal, he states: "The question of partnership by estoppel was not argued in the lower court and does not require comment." We would be justified in treating this statement as a concession. Since the plaintiff may have misconceived his own position, however, we shall discuss the point briefly.

There is testimony in the record that Parzych represented himself as Herbst's partner to Clover Leaf, at some unspecified date, and that Clover Leaf allegedly relied on Herbst's credit, for some unspecified period of time. There is nothing in the record, however, to suggest that Herbst, himself, by words spoken or written or by conduct, ever made or consented to such a representation. Parzych's unauthorized statement, without more, cannot give rise to an estoppel against

---

[3] Note that the agreement vested "full control" of the farming operation in Parzych, whereas, ordinarily, "all partners have equal rights in the management and conduct of the partnership business." 59 P.S. §51 (e).

[4] That Section provides: "(1) When a person, by words spoken or written or by conduct, represents himself, or consents to another representing him to any one, as a partner in an existing partnership or with one or more persons not actual partners, he is liable to any such person to whom such representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership; . . . ."

Herbst. Uniform Partnership Act, supra, §16, 59 P.S. §38. See also, *C. E. Johnson & Co. v. Marsh,* 111 Vt. 266, 15 A. 2d 577 (1940).

We conclude, therefore, that defendant Herbst was not estopped to deny liability as a partner for the debts contracted by Eugene Parzych. Since he and Parzych were not, in fact, partners, the judgment of the court below cannot stand.

Judgment reversed and entered for defendant.

WATKINS, J., dissents.