## Polk v. Bashline

*Francis Fornelli,* and *P. Raymond Bartholomew,* for plaintiff.

*M. L. McBride, Jr.,* for defendant.

ACKER, J., July 26, 1968.—This case is before the court on demurrer to a complaint in assumpsit. Defendants are the sole members of the Bashline Hospital Association, Ltd., which is an organization of osteopathic physicians practicing in Grove City. Taking the facts as alleged in the complaint as true and correct, as we are obliged to do at this procedural posture, plaintiff is a certified radiologist. At the request of defendants, he visited defendants' hospital in mid-July 1967 concerning possible employment. From this contact, a handsome, oral employment contract blossomed. In addition to $30,000 per year, he was to receive paid college educations for his children,

all medical and hospitalization insurance, payment of all professional dues, continuing post-graduate education, both tuition and transportation, a free life insurance policy of $20,000, disability insurance, paid vacations and a membership in the Grove City Country Club.

For all this, plaintiff was to take charge as chairman and head of the X-Ray Department, not request an increase in salary for two years, and pass the Pennsylvania boards to qualify him for license in osteopathic manipulation and surgery. Acting upon the offer, plaintiff moved his family to Grove City, passed the State board on October 20, 1967, and commenced his duties on October 29, 1967.

In addition to all of the personal and family contract benefits previously outlined, defendants also agreed to modernize the department and to provide up-to-date equipment for diagnosis as well as dictating.

Upon assuming the responsibilities of the position, plaintiff soon found that the wielder of the new broom does not always have a free hand. Subordinates and associates either did not expedite the renovations contemplated by plaintiff or simply refused. Equipment was not forthcoming, or, if so, it was inferior; protective badges were not supplied and drugs were not received.

On November 14, 1967, seven days after assuming his duties, plaintiff resigned, but stated that he would continue on until January 31, 1968. Initially, the resignation was orally accepted with the understanding that plaintiff would work until February 1, 1968, but by letter of November 15, 1967, it was terminated on Friday, December 1, 1967.

The claim is for $15,000.

The issues presented in their simplest form are: (1) Is this a mere hiring at will for which no damages can be awarded and, (2) if not, did not plaintiff him-

self revoke the contract and thereby lose any right of recovery.

The first issue presented is resolved in favor of plaintiff. It is true that the law presumes a hiring at will where no definite period is expressed in the contract: Swayne v. Pressed Steel Car Co., 298 Pa. 31, 147 Atl. 837 (1929); Weilersbacher v. Pittsburgh Brewing Company, 421 Pa. 118, 218 A. 2d 806 (1966). Naming a fixed sum as annual compensation raises no presumption that a hiring is for a year or any other definite period: Jones v. Pittsburgh Mercantile Co., 295 Pa. 219, 145 A. 80 (1928); Trainer v. Laird, 320 Pa. 414, 183 Atl. 40 (1936); Howard v. Siegel, 121 Pa. Superior Ct. 519, 184 Atl. 272 (1936). Despite the rigid language of the above-mentioned cases, the presumption of employment, being at will, may be overcome by facts and circumstances establishing an intention of the parties to establish some tenure of employment. Therefore, the general rule that a contract which does not fix a definite time for its duration of the relationship of the parties is subject to an exception if a contrary intention can be fairly derived from the contract itself. In determining this, the courts may take into consideration the surrounding circumstances, the situation of the parties, the objects they apparently had in view, and the nature of the subject matter of the agreement. After receiving such evidence, although a definite term may not be found, it may be that a reasonable time arises as the actual intention of the parties: Lucacher v. Kerson, 355 Pa. 79, 48 A. 2d 857 (1946), same case 158 Pa. Superior Ct. 437, 45 A. 2d 245 (1946); Rosenfeld v. Rosenfeld, 390 Pa. 39, 133 A. 2d 829 (1957); Gillian v. Consolidated Foods Corp., 424 Pa. 407, 227 A. 2d 858 (1967).

In the instant case, it is alleged that plaintiff undertook the passage of the required State boards to practice in Pennsylvania, moved his family to Grove City

and undertook the duties of the chairman and head of the X-Ray Department of defendants' hospital. It cannot be said by this court that these facts, plus other facts surrounding the entire transaction evidencing the intent of the parties, should not be considered by a jury, at least as to determining whether the contract was to remain in force and effect for a reasonable period, the duration of which would be within the jury's province. Nor is it an impossibility that a jury could determine a fixed period based on the allegation that plaintiff would not disrupt the contract by asking for an increase within the first two-year period. This, in itself, would appear not to be sufficient to establish a two-year contract, but when considered with all of the other surrounding circumstances, it may be developed at the time of trial. It cannot be ruled as an impossibility for consideration by a jury at this early stage.[1]

The second issue is more difficult to resolve. Plaintiff had worked but seven days when he resigned, setting January 31, 1968, as the date of his last employment. It is alleged that defendants accepted this plan effective February 1, 1968, but then, by letter of November 15, 1967, terminated the employment on Friday, December 1, 1967. Did plaintiff by his own conduct then relieve defendant from any liability

---

[1] This court has had two somewhat similar cases before it, being Deans v. Pollock-Timblin Co., Inc., 2 Mercer 128 (1958), and Mason v. Westrac Co., September term, 1965, 104 in the Court of Common Pleas of Mercer County. In both of the above-mentioned cases, the issue of duration of employment contract was held to be a jury question. In the Deans case, supra, and in the Mason case, supra, plaintiff accepted a position of employment, and in reliance thereon changed his then existing circumstances to his detriment in the expectation of fulfilling a more promising contract at an expense to himself that he would not have incurred had it not been for the representations of defendant. The instant case falls within this general category.

under its contract, first by giving notice, setting his own date of termination, and, secondly, by placing defendant in the position to terminate at some earlier date? Both sides rely on Restatement of Contracts, §§274 and 315.

Restatement §274 says:

"(1) In promises for an agreed exchange, any material failure of performance by one party not justified by the conduct of the other discharges the latter's duty to give the agreed exchange even though his promise is not in terms conditional. An immaterial failure does not operate as such a discharge.

"(2) The rule of sub-section (1) is applicable though the failure of performance is not a violation of legal duty".

Defendants' interpretation is that when they, as innocent parties, who have not caused a failure of the contract by a material breach of duty, receive a notice from plaintiff of an intention to terminate the contract, there is a failure of consideration by that plaintiff. They, therefore, may refrain from giving any part of the agreed consideration. The difficulty with that position is that it assumes that the failure of consideration was, in fact, not the fault of defendants. As noted previously, we are obligated to assume all of the facts alleged by plaintiff as being true and correct. Doing so, we cannot assume that defendants were not at fault because the allegations are to the contrary. That which weighs most materially upon the mind of the court is that as contained in paragraph 24 of the complaint. There, it is alleged that a subordinate violated the State laws in rendering therapy without proper supervision requiring plaintiff to be responsible for his actions and being a situation which was intolerable and unethical. Assuming this can be proved, whether this condition continued for seven days or seven months, it exposes plaintiff to possible

loss of license or censure by members of his own professional organization. It would appear that plaintiff may have been premature and hasty as to his resignation on the other multitude of complaints charged to defendants, but these matters are properly for a consideration by a jury and not for determination as a matter of law.[2]

Plaintiff relies strongly upon Restatement of Contracts §315, which sets forth the rules concerning breach by the prevention or hindrance of performance by the opposite party, stating that such is a breach of contract unless the prevention or hindrance is caused or justified by the conduct of the other party or the terms of the contract are such that the risk of such prevention or hindrance as occurs has been assumed by the other party. These principles have been accepted by our Pennsylvania appellate courts.[3]

---

[2] Defendants cite Jordon v. Sun Life Assurance Company of Canada, 366 Pa. 495, 77 A. 2d 631 (1951), which holds that parol evidence may not be received after receipt of an equivocal resignation in writing to demonstrate that benefits under a pension plan were not within the contemplation of the parties at the time of the acceptance of the resignation. This case is inapposite to the facts in the instant case where it is claimed that defendants are the cause of plaintiff's submitting his resignation.

[3] Gasparini Excavating Company v. Pennsylvania Turnpike Commission, 409 Pa. 465, at 475, 187 A. 2d 157 (1963); Emporium A. Jt. Sch. A. v. Anundson C. & B. S. Co., 191 Pa. Superior Ct. 372, at 387, 156 A. 2d 554 (1959); Henry Shenk Co. v. Erie Company, 319 Pa. 100, at 104, 178 A. 2d 662 (1935). It is clear that the failure to perform cannot be of a plaintiff's own making: Just Manufacturing Company v. Falck, 354 Pa. 421, 47 A. 2d 659 (1946). The prevention by a party to a contract of performance of the other party constitutes an actionable breach: Rothrauff v. Sinking Spring Water Company, 339 Pa. 129, 14 A. 2d 87 (1940).

Iseman v. Joe F. Sherman Co., 377 Pa. 426, 105 A. 2d 160 (1954): ". . . where a party who insists upon an exact time for performance by the other party has himself been the cause of delay, he cannot defeat the rights of the other party on the ground of such delay".

Taking the facts as pleaded, plaintiff was forced to resign because of the failure of defendants to fulfill their contract obligations. The resignation, therefore, does not prevent plaintiff from the recovery of proper damages as may be determined by a jury.

Wherefore, the preliminary objection in the nature of a demurrer is not sustained.

### ORDER

And now, July 26, 1968, the preliminary objection to plaintiff's complaint in the nature of a demurrer is dismissed and defendants are granted 20 days from the date of this order to plead thereto.