## Canfield v. Canfield

*Carl Gainor,* for plaintiff.
*Louis R. Paulick,* for defendant.

BROSKY, *J.,* October 7, 1977—

## ISSUE

Whether the parties' business is a partnership and thus subject to dissolution or, if not, what equitable remedies may plaintiff have upon a showing of exclusion?

## PROCEDURAL HISTORY

Plaintiff commenced this action on July 20, 1977, by the filing of a complaint in equity for the dissolution of a partnership. The complaint sought, inter alia, the granting of an accounting of partnership revenues and profits; access to partnership records, bank accounts, and business premises, and, the issuance of a decree of dissolution.

Defendant filed an answer to the complaint on July 28, 1977, and the matter was heard and testimony received on August 22, 1977.

## FINDINGS OF FACT

The parties to this action are husband and wife, having married on May 22, 1971. In 1975 , plaintiff's father, Ralph Giacco, the proprietor of Giacco Hardware, located in Verona, Allegheny County, Pa., decided to sell his business.

Following conversations with the parties hereto (although the testimony is conflicting as to who initiated said discussions), Mr. Giacco's counsel drafted a purchase agreement between himself as seller and plaintiff and defendant as buyers. Said instrument was executed, as was a lease for the store's premises, in the names of both plaintiff and defendant, in early 1976.

Thereafter, defendant managed the business and

plaintiff, while sometimes participating in its affairs, was, for the most part, a housewife devoting her time to raising the parties' children.

Since assuming control of the store, defendant has expanded its services, lengthened its hours open to the public, and vastly increased its gross receipts. There was no evidence presented which would indicate the store's assets or profits have in any manner been dissipated by defendant.

Defendant has, however, admittedly precluded plaintiff from participating in business operations, evidenced by, for example, the omission of her name on its bank accounts.

An exhibit introduced by defendant indicates that both parties signed a bank checking account agreement designating the business a proprietorship. Additionally, the parties Federal income tax return for 1976 included a schedule for use by a proprietorship, rather than that of a partnership. No written partnership agreement was produced.

## DISCUSSION

Under the Uniform Partnership Act of December 19, 1975, P.L. 524, 59 Pa. C.S.A. §301 et seq., there is no requirement that a partnership agreement be in writing: Ruth v. Crane, 392 F. Supp. 724 (D.C.E.D. Pa. 1975). However, section 312 of said act provides, in relevant part, as follows:

"§312. In determining whether a partnership exists, these rules shall apply:

"§312. . .

"(2) Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property."

Thus, it is evident that, even when the parties are husband and wife, a partnership may not occur by default. Rather, the intention of the parties is the prime element of proof: Pappas v. Klutinoty, 383 Pa. 184, 118 A.2d 202 (1955).

Such an arrangement may be made orally or may be found to exist by implication from all attending circumstances: Murphy v. Burke, 454 Pa. 391, 311 A.2d 904 (1973).

A review of those circumstances in the instant case reveals facts insufficient to establish the existence of a partnership between the parties.

No Federal partnership income tax returns were filed. There existed no established pattern for profit or loss sharing. When the parties made application for a business savings account, they indicated the business was a proprietorship. While plaintiff acknowledges her awareness of this, she testified she thought the two types of business entities were synonymous. Yet, the agreement the parties signed does not entirely support this claim, since it required them to indicate the type of business, and included as alternative choices both proprietorship and partnership. Finally, though an attorney drafted a lease and purchase agreement for the sale of the store, no partnership papers were drawn.

Through the facts above cited indicate to this court the absence of the required intent of plaintiff and defendant to establish a partnership, they are not inconsistent with an estate by the entireties which occurs as a matter of law, thus rendering the intentions of the parties irrelevant. See Carpenter v. Carpenter, 114 Pitts. L. J. 225 (1966).

Since by defendant's own admission, he has excluded plaintiff from the exercise and enjoy-

ment of rights inherent in an estate by the entireties, i.e., their hardware store and its bank account, this court may properly direct an accounting and division of the property or proceeds: Lindensfelser v. Lindensfelser, 396 Pa. 530, 153 A.2d 901 (1959); Shapiro v. Shapiro, 424 Pa. 120, 224 A.2d 164 (1966); Backus v. Backus, 464 Pa. 380, 346 A.2d 790 (1975).

## CONCLUSIONS OF LAW

1. This court has jurisdiction over the parties and subject matter.

2. No partnership was created by the parties with regard to the ownership and operation of Giacco Hardware.

3. Plaintiff has been excluded from the exercise and enjoyment of rights inherent in an estate by the entireties.

4. As a result of this exclusion, plaintiff is entitled to an accounting from defendant.

5. A decree shall issue.

## ORDER OF COURT

And now, October 7, 1977, it is hereby ordered and decreed that defendant, Richard J. Canfield, file an account with this court within 60 days from the date of this order showing the financial status of Giacco Hardware, Verona, Allegheny County, Pa.; such accounting shall show balance sheets as of December 31, 1976, June 30, 1977, and the date of the filing of the account; it shall also indicate operating statements for the periods ending at each of the foregoing dates and shall further show all disbursements, together with distribution of all profits during said periods.